IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

SHELBI SMARR,

Plaintiff,

v.

DAVID STEINER,

Postmaster General of the United States,

in his official capacity,

Defendant.

Case No. 3:26-cv-00292

JURY TRIAL DEMANDED

COMPLAINT

I. JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because the unlawful employment practices occurred in Nashville, Tennessee, at the Woodbine Post Office.

II. PARTIES

4. Plaintiff, Shelbi Smarr, is a resident of Nashville, Tennessee, residing at 2019 Jordan Drive, Nashville, TN 37218.

5. Plaintiff was employed as a Level 6 Full-Time Sales, Services/Distribution Associate at the Woodbine Station in Nashville, Tennessee.

6. Defendant is the Postmaster General of the United States and is sued in his official capacity.

III. ADMINISTRATIVE EXHAUSTION

7. Plaintiff timely initiated contact with an EEO Counselor regarding the matters described herein.

8. Plaintiff filed a formal EEO complaint identified as Agency Case No. 4G-370-0042-24.

9. A Final Agency Decision was issued and affirmed on appeal.

10. Plaintiff files this action within ninety (90) days of receipt of the final decision.

11. Plaintiff has exhausted all administrative remedies as required by law.

IV. FACTUAL ALLEGATIONS

12. Plaintiff engaged in protected EEO activity prior to the adverse actions described below.

13. Management officials at the Woodbine Post Office were aware of Plaintiff's protected activity.

14. On October 13–14, 2023, Plaintiff was improperly charged with Absent Without Leave (AWOL).

15. A PS Form 3971 Leave Slip was marked "Refused to Sign" in Plaintiff's name despite Plaintiff not refusing to sign and not being present to do so.

16. On October 20, 2023, management disclosed Plaintiff's personal and confidential employment information in front of co-workers, causing humiliation and reputational harm.

17. On October 24, 2023, Plaintiff was issued a 7-Day Suspension in retaliation for her protected activity.

18. On February 9, 2024, Plaintiff discovered she had been improperly charged for hour-long lunch breaks despite taking half-hour lunches, resulting in the wrongful deduction of annual leave.

19. On February 15 and February 23, 2024, Plaintiff was subjected to Investigative Interviews in a pattern of escalating scrutiny.

19. On March 6, 2024, Plaintiff was issued an additional 7-Day Suspension.

20. The discipline imposed was disproportionate, pretextual, and materially adverse.

21. These actions occurred after and because of Plaintiff's protected EEO activity.

22. The repeated discipline, public disclosures, payroll discrepancies, and investigative actions created a hostile, retaliatory, and intimidating work environment.

23. Plaintiff suffered financial loss, emotional distress, damage to professional reputation, and ongoing harm.

COUNT I – RETALIATION (Title VII)

24. Plaintiff incorporates the foregoing paragraphs.

25. Plaintiff engaged in protected activity.

26. Defendant subjected Plaintiff to materially adverse employment actions.

27. The adverse actions were causally connected to Plaintiff's protected activity.

28. Defendant's conduct constitutes unlawful retaliation in violation of Title VII.

COUNT II – HOSTILE WORK ENVIRONMENT

29. Plaintiff incorporates the foregoing paragraphs.

30. Plaintiff was subjected to unwelcome conduct based on protected activity.

31. The conduct was severe and pervasive and altered the terms, conditions, and privileges of employment.

32. Defendant is liable under Title VII.

COUNT III – DISCRIMINATORY AND PRETEXTUAL DISCIPLINE

33. Plaintiff incorporates the foregoing paragraphs.

34. Plaintiff was disciplined under circumstances giving rise to an inference of discrimination and retaliation.

35. Defendant's stated reasons for discipline were false, inconsistent, and pretextual.

36. Defendant violated Title VII.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. Back pay and restoration of lost wages and benefits;

B. Compensatory damages for emotional distress and reputational harm;

C. Correction of employment records;

D. Costs and attorney's fees;

E. Such further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Shelbi Smarr  */s/ Shelbi Smarr*

2019 Jordan Drive

Nashville, TN 37218

615-569-8114

Shelbij1993@gmail.com

Date: 3/12/26

36. Defendant violated Title VII.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. Back pay and restoration of lost wages and benefits;

B. Compensatory damages for emotional distress and reputational harm;

C. Correction of employment records;

D. Costs and attorney's fees;

E. Such further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Shelbi Smarr   */s/ Shelbi Smarr*

2019 Jordan Drive

Nashville, TN 37218

615-569-8114

Shelbij1993@gmail.com

Date: 3/12/26